# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MATTHEW KOBILAN and DIANA
KOBILAN, individually, heir-at-law and
administrator of the ESTATE OF
ABRAHAM KOBILAN,

        *Plaintiffs*,

vs.

Case No. 17-1074-EFM-GEB

DEREK A. COLTER AND YRC, Inc.,

        *Defendants.*

## MEMORANDUM AND ORDER

Plaintiffs Matthew Kobilan and Diana Kobilan filed this action against Defendants under theories of negligence and negligence per se. The Koblians allege that Defendant Derek Colter injured them while operating his semi-trailer truck under the employment of Defendant YRC, Inc. ("YRC"). Plaintiffs also make a claim for attorneys' fees pursuant to K.S.A. § 66-176. Defendants move to dismiss Plaintiffs' claims of negligent hiring, retention, qualification, supervision, and training against YRC, Plaintiffs' claims under 49 U.S.C. § 14704(a)(2) and the Federal Motor Carrier Safety Regulations ("FMCSR"), and Plaintiffs' claim for attorneys' fees under K.S.A. § 66-176. For reasons explained below, the Court grants Defendant YRC's Motion to Dismiss (Doc. 5) and Defendant Derek A. Colter's Motion to Dismiss (Doc. 11) and dismisses these claims.

# I. Factual and Procedural Background[1]

On February 10, 2016, Plaintiffs were passengers traveling in a vehicle headed westbound on East Mary St. in Garden City, Kansas, attempting to turn north onto US 400. Defendant Colter was operating a semi-trailer truck in the course and scope of his employment for Defendant YRC and was traveling northbound on US 400. Defendant Colter failed to obey the traffic signal at the intersection at US 400 and Mary St. and caused a collision with the vehicle carrying Plaintiffs.

Plaintiffs filed suit on March 30, 2017. While Plaintiffs fail to specifically label any causes of action in the complaint, Plaintiffs state claims for negligent hiring, retention, qualification, and training against Defendant YRC and a claim for common-law negligence against Defendant Colter. Plaintiffs also appear to state a negligence per se claim against Defendants YRC and Colter. Plaintiffs list multiple regulations under the FMCSR relating to minimum duties and standards of care, and claim that Defendants Colter and YRC were negligent and negligent per se in violating them. Plaintiffs also recite a portion of the Motor Carrier Act ("MCA") stating that carriers are liable for damages sustained as a result of an act that violates the MCA. Plaintiffs further allege that Defendant YRC is liable under the doctrine of *respondeat superior* and vicarious liability, and seek attorneys' fees against YRC pursuant to K.S.A. § 66-176.

On April 27, 2017, Defendant YRC filed a motion to dismiss Plaintiffs' claims of negligent hiring, retention, qualification, supervision, and training, Plaintiffs' negligence per se claims under the FMCSR and MCA, and Plaintiffs' claim for attorneys' fees. On May 15, 2017,

---

[1] The facts are taken from Plaintiffs' Complaint (Doc. 1) and are accepted as true for the purposes of this order.

Defendant Colter moved to dismiss Plaintiffs' negligence per se claims under the FMCSR and the MCA, and Plaintiffs' claim for attorneys' fees.[2] Defendant Colter did not challenge Plaintiffs' common-law negligence claim against him, and Defendant YRC did not challenge Plaintiffs' claim for negligence through *respondeat superior* or vicarious liability, so these claims remain.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss a claim for which a plaintiff "fails to state a claim upon which relief can be granted."[3] A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.' "[4] A claim is facially plausible if the Court can reasonably infer the defendant is liable from the facts pleaded.[5] The plausibility standard reflects the Rule 8 requirement that pleadings must provide defendants with fair notice of the claims, as well as the grounds upon which the claims rest.[6] The Court accepts all factual allegations in the complaint as true and views them in a light most favorable to the plaintiff.[7] The Court, however, does not apply the same standard to conclusory allegations or legal conclusions.[8]

---

[2] It is clear from the complaint that Plaintiffs did not claim attorneys' fees against Defendant Colter so the Court will disregard this part of the motion.

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1246–47 (10th Cir. 2008).

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

*A. Claims of Negligent Hiring, Retention, Qualification, Supervision, and Training*

Defendant YRC moves to dismiss Plaintiffs' claims of negligent hiring, retention, qualification, supervision, and training. The doctrine of negligent hiring and retention arises from an employer's duty to use reasonable care in the selection and retention of employees.[9] An employer breaches that duty if the employer knew or should have known that the employee was incompetent or unfit for the position.[10] To survive a motion to dismiss a negligent hiring claim, Plaintiffs must allege both the employee's incompetence or unfitness and the employer's actual or constructive knowledge of such incompetence or unfitness.[11]

Negligent supervision and negligent training are distinct from negligent hiring and retention in Kansas.[12] An employer may be liable for failure to supervise its employees if the employer had "reason to believe that the employment of the employee would result in an undue risk of harm to others."[13] An employer may also be liable if the harm caused by the employee could have been prevented with more, or better, training.[14]

In the complaint, Plaintiffs do not provide any factual basis for their assertion that YRC was negligent in its hiring, retention, supervision, qualification, or training of Colter. Plaintiffs merely assert the legal conclusion that because Colter was in a collision in which he failed to

---

[9] *Plains Resources, Inc. v. Gable*, 235 Kan. 580, 682 P.2d 653, 662 (Kan.1984).

[10] *Id.*

[11] *Chambers v. Simon Prop. Grp., L.P.*, 2013 WL 1947422, at *4 (D. Kan. May 10, 2013) (unpublished).

[12] *Wayman v. Accor N. Am., Inc.*, 45 Kan. App. 2d 526, 251 P.3d 640, 650 (2011).

[13] *Id.*

[14] *Estate of Belden v. Brown Cty.*, 46 Kan. App. 2d 247, 261 P.3d 943, 968 (2011).

obey a traffic signal, Colter was not a safe employee, and therefore, YRC was negligent in hiring, retaining, training, qualifying, and supervising him. *Iqbal* requires "more than a sheer possibility" that the defendant is liable for the misconduct alleged.[15] Even assuming that Colter was incompetent and unfit for his position, Plaintiffs failed to allege that YRC knew, or had reason to know, that Colter was unfit, that he presented an undue risk of harm to others, or that additional training could have prevented the collision. Without factual support, Plaintiffs' claims of negligence in hiring, retention, qualification, supervision, and training must be dismissed.[16]

  *B. Negligence per se claims under 49 U.S.C. § 14704(a)(2) and the FMCSR*

  Defendants YRC and Colter move to dismiss Plaintiffs' negligence per se claims under 49 U.S.C. § 14704 and the FMCSR, arguing that there is no private cause of action for violations of the MCA and that there are no factual allegations supporting Plaintiffs' claims. Plaintiffs concede in their response to the motion to dismiss that they did not intend to assert a claim under § 14704(a)(2) or the FMCSR. Regardless, § 14704(a)(2) only creates a private right of action for damages in commercial disputes.[17] It does not create a private right of action for damages in personal injury or wrongful death claims.[18] Even if did, Plaintiffs merely stated the legal conclusion that Defendants violated provisions of the FMCSR, without providing a factual basis for their claims that Defendants violated those provisions. While the Court must accept all

---

[15] *Iqbal*, 556 U.S. at 678.

[16] The Court is unable to find Kansas case law supporting a cause of action for "negligent qualification." Because Plaintiffs fail to provide authority for this claim, the Court will dismiss it as it does not appear to be a valid cause of action in Kansas.

[17] *Stewart v. Mitchell Transport.*, 241 F. Supp. 2d 1216, 1221 (D. Kan. 2002).

[18] *Id.*

factual allegations in the complaint as true, the Court cannot apply the same standard to conclusory allegations or legal conclusions.[19] Thus, the Court dismisses these claims.

    *C. Claim for Attorneys' Fees under K.S.A. § 66-176*

Defendant YRC next argues that Plaintiffs' claim for attorneys' fees under K.S.A. § 66-176 should be dismissed because § 66-176 does not allow for recovery in claims predicated on negligence, and because there has been no finding by the Kansas Corporation Commission that Defendant YRC violated regulations contained in Chapter 66. Parties in Kansas cannot recover attorneys' fees absent clear and specific statutory authority.[20] Section 66-176 specifically provides that any common carrier "which violates any of *the provisions of law for the regulation of* . . . common carriers shall forfeit, for every offense to the person . . . aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the court." Thus, the statute requires a violation of the laws regulating common carriers.

Plaintiffs do not identify a specific violation under Chapter 66, but rather identify provisions of law contained in the FMSCR. Regardless of whether a specific violation of Chapter 66 is required or simply a violation of the provisions of law for the regulation of common carriers, Plaintiffs fail to provide any factual allegations as to how Defendants violated a provision of law. Plaintiffs simply state legal conclusions. Thus, Plaintiffs do not state a plausible claim for attorneys' fees because they fail to allege that Defendants violated "provisions of law for the regulation of . . . common carriers." Accordingly, the Court need not address Defendant's argument that the cause of action cannot survive absent a finding by the

---

[19] *Iqbal*, 556 U.S. at 678–79.

[20] *Hayes Sight & Sound, Inc. v. ONEOK, Inc.*, 281 Kan. 1287, 136 P.3d 428, 457 (2006).

Kansas Corporation Commission that Defendant YRC violated regulations contained in Chapter 66. The Court therefore dismisses Plaintiffs' claim for attorneys' fees pursuant to K.S.A. § 66-176.

## IV. Conclusion

Because Plaintiffs failed to state a claim for negligent hiring, retention, qualification, supervision, and training that was plausible on its face, those claims against Defendant YRC are hereby dismissed. Furthermore, because Plaintiffs deny that they stated claims under 49 U.S.C. § 14704(a)(2) and the FMCSR, because there is no private cause of action under those statutory schemes, and because Plaintiffs' claims were facially deficient, Plaintiffs' negligence per se claims under § 14704(a)(2) and the FMCSR against Defendants YRC and Colter are hereby dismissed. Finally, because a claim for attorneys' fees under K.S.A. § 66-176 requires that Defendants violated a provision of law regulating common carriers, and because Plaintiffs failed to provide any factual allegations that Defendants violated those laws, Plaintiffs' claim for attorneys' fees pursuant to § 66-176 against Defendant YRC is hereby dismissed.

Because Defendant Colter did not challenge Plaintiffs' common-law negligence claim, and Defendant YRC did not challenge Plaintiffs' claim for negligence through *respondeat superior* or vicarious liability, these claims remain.

**IT IS THEREFORE ORDERED** that Defendant YRC's Motion to Dismiss (Doc. 5) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Derek A. Colter's Motion to Dismiss (Doc. 11) is GRANTED.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2017.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE